UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

AUSTIN CHAPPELL,

|  |  |
|---|---|
| Plaintiff, | Case No. _____ |
|  | Hon. _____ |
| v. | JURY TRIAL DEMANDED |

DERRICK PEPPER, individually;
ROBERT STALEY, individually;
GILBERT MENDEZ, individually;
THOMAS ROCKWELL, individually;
JOSHUA BLAHA, individually;
AARON SHATTUCK, individually;
DANNON NEUSLIFTER,
individually; and
JOHN DOES 1-6, individually,

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Austin Chappell, by and through his attorneys, CARLA D. AIKENS,

P.L.C., files this Complaint and Demand for Jury Trial against Defendants Derrick

Pepper, Robert Staley, Gilbert Mendez, Thomas Rockwell, Joshua Blaha, Aaron

Shattuck, Dannon Neuslifter, and John Does 1-6, in their individual capacities, and

states as follows:

1

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

## I. INTRODUCTION

1.    This is a civil rights action arising from a brutal and unprovoked beating of Plaintiff Austin Chappell by correctional officers at Bellamy Creek Correctional Facility.

2.    Plaintiff was in severe pain after a recent medical procedure and needed care, medication, and deescalation. Instead, Defendants escalated the situation and used force against him.

3.    Plaintiff was not attacking officers. He was on the ground, prone, with his hands extended in a nonthreatening position when officers entered his cell and used force against him.

4.    Multiple officers punched Plaintiff in the head and face, kicked and stomped his body, pinned his arms, and applied force to his neck and airway until he lost consciousness.

5.    The force did not stop when Plaintiff was subdued. Defendants continued to apply force after Plaintiff was restrained, incapacitated, and unable to pose any meaningful threat.

6.    Plaintiff suffered serious injuries, including eye trauma, swelling, subconjunctival hemorrhage, corneal abrasion, temporary vision loss, ongoing vision impairment, headaches, pain, and psychological trauma.

7.    Defendants then attempted to justify the beating by falsely portraying Plaintiff as combative, even though the circumstances, injuries, medical evidence, incident documentation, and witness accounts contradict that narrative.

## II. JURISDICTION AND VENUE

8.    This action arises under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

9.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts federal constitutional claims.

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims arise from the same case or controversy as Plaintiff's federal claims.

11.    Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in the Western District of Michigan at Bellamy Creek Correctional Facility.

12. At the time of the events, Defendants acted under color of state law as correctional officers, supervisors, or employees of the Michigan Department of Corrections.

13. Plaintiff seeks damages against Defendants in their individual capacities.

### III. PARTIES

14. Plaintiff Austin Chappell is a former prisoner of the Michigan Department of Corrections.

15. Plaintiff was housed at Bellamy Creek Correctional Facility at the time of the events described in this Complaint.

16. Plaintiff was no longer incarcerated when this action was filed. Accordingly, the Prison Litigation Reform Act's exhaustion requirement does not bar this action.

17. Defendant Derrick Pepper was, at all relevant times, a correctional officer or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

18. Defendant Robert Staley was, at all relevant times, a correctional officer or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

19. Defendant Gilbert Mendez was, at all relevant times, a correctional officer or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

20. Defendant Thomas Rockwell was, at all relevant times, a sergeant, supervisor, correctional officer, or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

21. Defendant Joshua Blaha was, at all relevant times, a correctional officer or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

22. Defendant Aaron Shattuck was, at all relevant times, a correctional officer or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

23. Defendant Dannon Neuslifter was, at all relevant times, a correctional officer or employee of the Michigan Department of Corrections acting under color of state law. He is sued in his individual capacity.

24. John Does 1-6 are correctional officers, supervisors, medical staff, or other Michigan Department of Corrections employees whose identities are presently unknown but who participated in, directed, failed to intervene in, covered up, delayed medical care after, or otherwise caused the constitutional

violations described in this Complaint. They are sued in their individual capacities.

25. Plaintiff will seek leave to amend this Complaint to substitute the true names of the Doe Defendants after discovery identifies them.

## IV. FACTUAL ALLEGATIONS

26. On or about July 23, 2024, Plaintiff had recently undergone a medical procedure and was experiencing significant pain.

27. Plaintiff needed medication and meaningful medical attention following that procedure.

28. Plaintiff was not provided adequate care, medication, or deescalation.

29. Plaintiff communicated that he was in distress and could not take the pain anymore.

30. Plaintiff's distress was a medical and custodial issue requiring care, observation, and reasonable response. It was not a license to beat him.

31. Rather than provide appropriate care or use reasonable deescalation measures, Defendants escalated the encounter.

32. Multiple officers went to Plaintiff's cell.

33. Plaintiff was on the ground in a prone position.

34. Plaintiff's hands were extended and visible.

35. Plaintiff was not attacking staff.

36. Plaintiff was not attempting to flee.

37. Plaintiff was not creating an immediate threat that justified the amount of force used against him.

38. Despite Plaintiff's position and lack of meaningful resistance, Defendants rushed into his cell and used force against him.

39. Defendants struck Plaintiff repeatedly in the face and head.

40. Defendants kicked and stomped Plaintiff's back and body.

41. Defendants pinned Plaintiff's arms while continuing to apply force.

42. Defendants applied force to Plaintiff's neck and airway using clothing or other pressure in a manner that restricted his ability to breathe.

43. Plaintiff lost consciousness during the assault.

44. Defendants continued applying force after Plaintiff was subdued, restrained, and incapacitated.

45. The amount of force used was not reasonably related to any legitimate need for discipline, safety, or order.

46. The use of force was punitive, malicious, and excessive.

47. Plaintiff filed a contemporaneous grievance describing the assault.

48. After the assault, Defendants claimed Plaintiff had been combative, had kicked staff, or had otherwise created a need for force.

49. Defendants' narrative is contradicted by Plaintiff's prone position, the number of officers involved, the severity and location of Plaintiff's injuries, the medical evidence, the incident documentation, and eyewitness accounts from other prisoners.

50. A Critical Incident Report was generated concerning the incident.

51. The Critical Incident Report confirms that multiple officers were involved, that restraints were used, and that emergency medical involvement became necessary.

52. The incident documentation is internally inconsistent because it suggests that entry into Plaintiff's cell was necessary because Plaintiff was unconscious, while also attempting to justify significant force against him.

53. If Plaintiff was unconscious, incapacitated, or otherwise unable to present a threat, there was no lawful basis to punch, kick, stomp, choke, or continue force against him.

54. Plaintiff was transported for emergency medical care after the beating.

55. Plaintiff required specialized treatment at the University of Michigan.

56. Plaintiff's eyes were swollen shut after the beating.

8

57.    Plaintiff suffered subconjunctival hemorrhage, corneal abrasion, ecchymosis, edema, swelling, and eye trauma.

58.    Plaintiff experienced severe pain, temporary loss of vision, impaired vision, light sensitivity, ongoing headaches, and worsening vision.

59.    Plaintiff now requires corrective lenses as a result of the injuries he suffered.

60.    Plaintiff's injuries are objectively consistent with blunt force trauma and are not consistent with minimal or incidental force.

61.    Photographs document Plaintiff's injuries and the physical conditions following the incident.

62.    Plaintiff was issued misconduct charges after the assault.

63.    The misconduct charges were used, in whole or in part, to justify or cover the unlawful use of force.

64.    Defendants failed to accurately document the force used against Plaintiff, failed to stop the continued use of force, failed to protect Plaintiff from further harm, and failed to ensure immediate and adequate medical attention once Plaintiff was seriously injured.

65.    Plaintiff continues to suffer vision problems, chronic pain, headaches, psychological trauma, fear, anxiety, sleep disruption, and loss of enjoyment of life.

66.    Plaintiff's injuries are serious, permanent, and life altering.

## COUNT I
## EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT
## 42 U.S.C. § 1983
### (Against Defendants Who Used Force Against Plaintiff)

67.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

68.    At all relevant times, Plaintiff was a convicted prisoner protected by the Eighth Amendment's prohibition against cruel and unusual punishment.

69.    The Eighth Amendment prohibits correctional officers from using force maliciously and sadistically for the purpose of causing harm.

70.    Defendants used force against Plaintiff when he was prone, not attacking staff, not attempting to flee, and not posing a threat that justified the force used.

71.    The need for force was minimal or nonexistent.

72.    The relationship between any legitimate need for force and the amount of force used was grossly disproportionate.

73.    Defendants punched, kicked, stomped, choked, pinned, and continued force against Plaintiff after he was restrained, subdued, or unconscious.

74.    Defendants did not make reasonable efforts to temper the severity of their response.

75. Plaintiff suffered serious injuries, including eye trauma, vision impairment, headaches, pain, and psychological trauma.

76. Defendants acted maliciously, sadistically, willfully, wantonly, and with reckless disregard for Plaintiff's constitutional rights.

77. Defendants violated Plaintiff's clearly established rights under the Eighth Amendment.

78. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered damages.

## COUNT II
### FAILURE TO INTERVENE IN VIOLATION OF THE EIGHTH AMENDMENT
### 42 U.S.C. § 1983
(Against Defendants Who Were Present and Failed to Stop the Force)

79. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

80. Defendants who were present during the use of force knew that excessive force was being used against Plaintiff.

81. The beating involved multiple officers, multiple types of force, and a continuing application of force after Plaintiff was subdued, restrained, or unconscious.

82. Because the force was not instantaneous, Defendants had a realistic opportunity and the means to intervene, stop the force, reduce the force, give

commands to stop, remove officers from Plaintiff, summon medical care, or otherwise prevent further harm.

83. No Defendant took reasonable steps to intervene and protect Plaintiff from excessive force.

84. Any Defendant who did not personally strike, kick, stomp, choke, pin, or restrain Plaintiff is liable for failing to intervene to stop the unlawful force.

85. Defendants' failure to intervene violated Plaintiff's clearly established rights under the Eighth Amendment.

86. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered damages.

## COUNT III
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### 42 U.S.C. § 1983
(Against Defendants with Knowledge of Plaintiff's Medical Needs)

87. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

88. Plaintiff had serious medical needs before and after the assault.

89. Before the assault, Plaintiff had recently undergone a medical procedure, was experiencing significant pain, and needed medication and meaningful medical care.

90. Defendants knew or had reason to know that Plaintiff was in medical distress.

12

91. Instead of responding reasonably to Plaintiff's medical condition, Defendants escalated the situation and used force against him.

92. After the assault, Plaintiff had obvious serious medical needs, including head and facial trauma, swollen eyes, eye trauma, loss of consciousness, pain, and visible injuries.

93. Defendants delayed, interfered with, or failed to provide constitutionally adequate care for Plaintiff's serious medical needs.

94. Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety.

95. Defendants' conduct violated Plaintiff's clearly established rights under the Eighth Amendment.

96. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered damages.

## COUNT IV
## CIVIL CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS
### 42 U.S.C. § 1983

97. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

98. Defendants acted jointly and in concert to deprive Plaintiff of his constitutional rights.

99. Defendants shared a common objective to use unlawful force against Plaintiff, to fail to intervene, and to conceal or justify the unlawful use of force after it occurred.

100. The coordinated cell entry, the group use of force, the continued force after Plaintiff was subdued, the unified false narrative, the misconduct charges, and the contradictory incident documentation support a reasonable inference that Defendants reached a shared understanding to violate Plaintiff's rights and conceal their conduct.

101. One or more Defendants committed overt acts in furtherance of the conspiracy, including striking Plaintiff, kicking Plaintiff, stomping Plaintiff, choking Plaintiff, pinning Plaintiff, failing to intervene, failing to secure adequate medical care, submitting or supporting false accounts, and causing or supporting misconduct charges intended to justify the force.

102. Defendants' conspiracy caused Plaintiff to suffer constitutional injury.

103. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

COUNT V
SUPERVISORY LIABILITY AND KNOWING ACQUIESCENCE
42 U.S.C. § 1983
(Against Defendant Rockwell and Supervisory Doe Defendants)

104. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

105. Defendant Rockwell and any supervisory Doe Defendants had authority over subordinate officers involved in the cell entry, use of force, restraint, reporting, and response to Plaintiff's injuries.

106. Defendant Rockwell and any supervisory Doe Defendants were present for, directed, authorized, approved, participated in, or knowingly acquiesced in the use of force against Plaintiff.

107. Defendant Rockwell and any supervisory Doe Defendants had the ability to stop, limit, or prevent the force used against Plaintiff.

108. Defendant Rockwell and any supervisory Doe Defendants failed to stop the force, failed to protect Plaintiff, failed to ensure a truthful account of the incident, and failed to ensure adequate medical care after Plaintiff was seriously injured.

109. Defendant Rockwell and any supervisory Doe Defendants' actions and omissions were a moving force behind the violation of Plaintiff's constitutional rights.

110. As a direct and proximate result of this conduct, Plaintiff suffered damages.

## COUNT VI
## ASSAULT AND BATTERY

111. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15

112.  Defendants intentionally engaged in harmful and offensive physical contact with Plaintiff.

113.  Defendants struck Plaintiff in the face and head.

114.  Defendants kicked and stomped Plaintiff's body.

115.  Defendants applied force to Plaintiff's neck and airway.

116.  Defendants pinned Plaintiff's arms and continued applying force after Plaintiff was subdued or unconscious.

117.  Plaintiff did not consent to this contact.

118.  The force used was not justified, privileged, necessary, or reasonable under the circumstances.

119.  At the time force was used, Plaintiff was prone, had his hands extended in a nonthreatening position, was not resisting in a manner that justified the force used, and was not attempting to flee.

120.  Defendants' actions constituted battery because they intentionally caused harmful and offensive contact with Plaintiff.

121.  Defendants' actions constituted assault because their conduct placed Plaintiff in reasonable apprehension of immediate harmful and offensive contact.

122. Defendants acted maliciously, in bad faith, and with willful disregard for Plaintiff's rights and safety.

123. Defendants are not entitled to governmental immunity for their intentional torts because they did not act in good faith and because the force used was malicious, excessive, punitive, and not reasonably necessary to maintain discipline or institutional safety.

124. As a direct and proximate result of Defendants' assault and battery, Plaintiff suffered physical injury, pain and suffering, emotional distress, vision impairment, and lasting harm.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

125. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

126. Defendants engaged in extreme and outrageous conduct by violently assaulting Plaintiff while he was subdued, defenseless, in medical distress, or unable to protect himself.

127. Defendants' conduct exceeded all bounds of decency tolerated in a civilized society.

17

128. Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that emotional distress would result.

129. The coordinated nature of the assault, the force used against a prone and nonthreatening prisoner, the restriction of Plaintiff's airway, the continued force after incapacitation, the serious eye injuries, and the false narrative after the incident demonstrate reckless and willful disregard for Plaintiff's physical and psychological well-being.

130. Plaintiff suffered severe emotional distress, including fear, anxiety, sleep disruption, psychological trauma, humiliation, mental anguish, and loss of enjoyment of life.

131. Plaintiff's emotional distress is severe and not trivial or transitory.

132. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

## COUNT VIII
## GROSS NEGLIGENCE
## MCL 691.1407

133. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

134. Plaintiff pleads this count in the alternative to his intentional tort claims to the extent any Defendant contends that Plaintiff's injuries resulted from reckless acts or omissions rather than intentional force.

18

135. At all relevant times, Defendants owed Plaintiff a duty to act with reasonable care and to refrain from conduct that would create an unreasonable risk of serious harm.

136. Defendants breached that duty through conduct so reckless as to demonstrate a substantial lack of concern for whether injury would result.

137. Defendants used force against a prone and nonthreatening prisoner, failed to reassess the need for force after Plaintiff was subdued, continued or allowed force after Plaintiff was incapacitated, failed to intervene to stop excessive force, failed to protect Plaintiff from further harm, and failed to ensure prompt and adequate medical attention after Plaintiff suffered obvious injuries.

138. Defendants knew or should have known that their conduct created a high risk of serious physical injury.

139. Defendants' conduct demonstrated a substantial lack of concern for Plaintiff's safety and well-being.

140. Defendants' gross negligence was the proximate cause of Plaintiff's injuries.

141. As a direct and proximate result of Defendants' gross negligence, Plaintiff suffered serious physical and emotional injuries.

## V. DAMAGES

142.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe physical injuries, vision impairment, eye trauma, pain, headaches, emotional distress, psychological trauma, loss of enjoyment of life, humiliation, fear, anxiety, and other damages.

143.  Plaintiff's injuries are serious and ongoing.

144.  Defendants acted intentionally, maliciously, willfully, wantonly, recklessly, and with callous disregard for Plaintiff's rights and safety.

145.  Plaintiff is entitled to compensatory damages, non-economic damages, punitive damages against the individual Defendants, costs, attorney fees, interest, and all other relief available by law.

## VI. DEMAND FOR RELIEF

WHEREFORE, Plaintiff Austin Chappell respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

A.  Compensatory damages in an amount to be determined by the jury;
B.  Non-economic damages in an amount to be determined by the jury;
C.  Punitive damages against the individual Defendants in an amount sufficient to punish and deter;
D.  Reasonable attorney fees and costs under 42 U.S.C. § 1988 and any other applicable law;
E.  Prejudgment and postjudgment interest as allowed by law;
F.  A trial by jury on all issues so triable; and
G.  Any other relief the Court deems just and proper.

Dated: June 29, 2026

Respectfully submitted,

<u>/s/ *Connor B. Gallagher*</u>
Carla D. Aikens (P69530)
Connor B. Gallagher (P82104)
CARLA D. AIKENS, P.L.C.
615 Griswold St., Suite 709
Detroit, MI 48226
Phone: (844) 835-2993
Email: carla@aikenslawfirm.com

*Attorney for Plaintiff*

21